United States Courts
Southern District of Texas
ENTERED

NOV 0 4 2002

Michael N. Milby, Clerk of Court

United States Courts
Southern District of Texas
FILED

OCT 2 9 2002

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., A California Corporation, Plaintiff, V. | § § § § § | |
| | § | CIVIL ACTION NO.: H-02-2148 |
| AMBER SALAZAR AND BRIAN POTTERS, Individually and D/B/A SAT50.COM and DSSPROPHET.COM, Defendants. | § § § § § § | |

## CONSENT PERMANENT INJUNCTION AND FINAL JUDGMENT

WHEREAS, Plaintiff DIRECTV, Inc. ("DIRECTV"), and Defendants Brian Potter ("Potter") and Amber Salazar ("Salazar"), by and through their counsel, have amicably resolved their differences arising out of the facts and circumstances which form the basis of the complaint on file herein;

WHEREAS, DIRECTV and Potter agree to the terms and conditions set forth in this Consent Permanent Injunction and Final Judgment ("Consent Order"), and consent to the jurisdiction of the court for purposes of enforcement of this Consent Order;

WHEREAS, DIRECTV, Salazar, and Potter have resolved the damages in this action as set forth in a separate confidential settlement agreement;

WHEREAS, good cause having been shown;

IT IS ON THIS ____ day of _____, 2002, ORDERED THAT:

1. Final judgment is hereby entered in the above-captioned matter against Potter as provided hereinbelow. All claims asserted against Salazar are dismissed without prejudice. Each party shall bear its own costs, including attorneys' fees.



2. Potter, and any persons or entities controlled directly or indirectly by him or working in concert with him, are hereby permanently enjoined and restrained from knowingly:

(a) receiving or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization by and payment to DIRECTV;

(b) designing, manufacturing, assembling, modifying, importing, exporting, possessing, offering to the public, trafficking, distributing or selling any software, devices or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers, DIRECTV access cards, or software or components therefore) that is primarily designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming, including specifically by operating websites devoted to satellite television piracy and soliciting commission payments or banner advertising in connection with the sale of such devices on equipment by third parties;

(c) advertising the sale of any software, devices or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers, DIRECTV access cards, or software or components therefore) that is primarily designed, intended, or marketed for the purpose of facilitating the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming, and advertising or providing information or technical services in support thereof;

(d) providing or offering to provide any other service that helps facilitate the sale or transfer of any software, device or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers, DIRECTV access cards, or software or components therefore) that is primarily designed, intended, or marketed for the

purpose of facilitating the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming.

3. This Consent Order shall apply to Potter's activities worldwide, and shall apply with the same force and effect to the DIRECTV Latin American (also known as Galaxy Latin America) satellite system, and to any other direct broadcast satellite system or related business in which DIRECTV has a financial or other interest, now or in the future, which interest is known to Potter.

4. Potter, and any persons or entities controlled directly or indirectly by him, are hereby permanently enjoined and restrained from:

(a) investing or holding a financial interest in any enterprise that Potter knows is engaging in any of the activities prohibited by this Consent Order; and

(b) knowingly allowing any persons or entities that Potter controls, either directly or indirectly, to engage in any of the activities prohibited by this Consent Order.

5. In the event that Potter becomes aware that an enterprise in which they have invested or holds any financial interest is engaged in any of the activities prohibited by this Consent Order, Potter agrees immediately to divest itself of any such investment or financial interest and to promptly notify DIRECTV of the same.

6. Potter shall provide to Plaintiff: (1) all documents, including but not limited to, records, files, receipts, invoices, correspondence, communication, copies of calendars and diaries, memoranda, and other evidentiary materials, whether in physical or electronic form, that relate to the subject matter of the complaint; (2) all devices related to the subject matter of this action, (including, by way of example, loaders, bootloaders, wafer bootloaders, EQBLs, unloopers, emulators, X-11s, programmers, reader/writers, DIRECTV access cards, or software

or components thereof) or any other technological products in Potter's possession that are known by Potter to be used for the purpose of satellite signal theft. The obligation to turn over documents and devices pursuant to this paragraph shall be ongoing with respect to materials discovered after the entry of this Consent Order.

7. The Court shall retain jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Consent Order.

8. The Court shall be authorized to award damages to DIRECTV for losses sustained prior to the date of this Consent Order, in addition to any other damages or other relief authorized by law upon notice to Potter and a hearing as to evidence that Potter has violated this Consent Order or failed to satisfy its payment obligations under the parties' confidential settlement agreement. Any such damage award shall be offset by any amount previously paid to DIRECTV by Potter pursuant to the parties' confidential settlement agreement.

DATED: Nov. 1, 2002

United States District Judge

Presented by:
**Attorneys for Plaintiff:**  Jeffrey D. Meyer
**FRANKLIN, CARDWELL & JONES**
 A Professional Corporation
1001 McKinney, 18th Floor
Houston, Texas 77002
(713) 222-6025 - Telephone
(713) 222-0938 - Facsimile

**Christian S. Genetski**
**Gregory Corbett**
**Marc J. Zwillinger**
**Kirkland & Ellis**

                                                655 15th Street, N.W.
                                                Washington, D.C. 20005
                                                (202) 879-5000 Telephone
                                                (202) 879-5200 Facsimile

**Attorney for Defendants:**    Andrew Weisblatt
                                                Weisblatt & Associates, Inc.
                                                Two Riverway, Suite 575
                                                Houston, Texas 77056
                                                (713) 552-0686 Telephone
                                                (713) 552-0671 Facsimile

_____      October 28, 2002
Jeffrey D. Meyer                                        Date
Counsel for Plaintiff

_____      October 25, 2002
Andrew Weisblatt                                       Date
Counsel for Defendants